IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00251-REB-MJW

CRYSTAL NOELLE WEST,

        Plaintiff,

vs.

DEVELOPMENTAL DISABILITIES RESOURCE CENTER,
A COLORADO CORPORATION,

        Defendant.

## STIPULATED PROTECTIVE ORDER

      Plaintiff Crystal Noelle West and Defendant Developmental Disabilities Resource Center (together, the "Parties") have stipulated to the terms of this Protective Order.

      This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

#779027.1

1.   This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or Defendant and/or information contained in confidential business records, personnel records, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)   attorneys who are actively working on this case;

    (b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c)   the parties;

    (d)   employees, former employees, agents, and medical staff affiliated with Pinnacol Assurance who have knowledge of or were involved with the administration of any worker's compensation issue or claim relevant to this case;

(e) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(f) the Court in this case and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(h) deponents; and

(i) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided

written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL to file an appropriate motion [consistent with D.C.Colo.LCivR 7.2 and 7.3] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the objecting party fails to file such a motion within the prescribed time, the disputed information shall maintain its designation as CONFIDENTIAL and shall thereafter continue to be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party objecting to designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to not be treated as CONFIDENTIAL.

[handwritten margin note: MJW 5-7-07]

9.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain

one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

10.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Stipulated and approved:

| *Original Signature on File at the Offices of the Sadler Law Office* | *Original Signature on File at the Offices of Davis Graham & Stubbs LLP* |
|---|---|
| Dated:  May 4, 2007 | Dated:  May 4, 2007 |
| | S/  Sybil R. Kisken |
| S/  D. Dale Sadler | Janet A. Savage |
| D. Dale Sadler | Sybil R. Kisken |
| 8400 E. Prentice Avenue, Suite 1500 | DAVIS GRAHAM & STUBBS LLP |
| Greenwood Village, CO  80111 | 1550 Seventeenth Street, Suite 500 |
| Telephone:  (303) 409-7602 | Denver, Colorado  80202 |
| | Telephone:  (303) 892-9400 |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

**IT IS SO ORDERED.**

Dated: May 7, 2007

The Honorable Michael J. Watanabe
United States Magistrate Judge